## LILLARD *vs.* TARBE, SYNDIC.

### APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

When a syndic has been legally appointed, no individual creditor can sue him for a debt, or interfere with his administration. A creditor may call him to account, and produce his bank book, &c., but he cannot be harassed by suits, and with alleged fears of mismanagement, &c.

For malfeasance or gross negligence, a syndic may be removed from office, in due course of law, and made liable for damages in his individual capacity.

This is an action against the defendant, in which the plaintiff alleges, he is a creditor of the firm of Tarbe & Nash, who have made a surrender, and Tarbe has been appointed syndic.

He expressly alleges, that they have not made a fair surrender; that Tarbe has certain goods and merchandize in his possession and store, which he has never given up, and still retains, to the injury of the petitioner. He further states, that he fears said Tarbe will place said property and goods beyond the reach of creditors. He prays for a writ of sequestration and that the property be sequestered and held subject to the further order of court; or that it be sold for the benefit of creditors, and for general relief.

The sequestration was, on a rule taken by defendant on plaintiff, set aside.

The defendant then filed an exception, averring that there was no cause of action set forth in the petition, and that he, as syndic, could not be sued in this manner.

EASTERN DIST.
*May*, 1840.

LILLARD
*vs.*
TARBE, SYNDIC.

The plaintiff appealed from the judgment on the rule setting aside the sequestration.

*Greiner, Peyton, and Pierce,* for the plaintiff; insisted that the suit was in the nature of a conservatory measure, to preserve and secure the property of the insolvent for the benefit of all the creditors, and that the sequestration was improperly set aside.

*F. B. Conrad,* for the defendant, contended :

1. The judgment appealed from is correct, and must be affirmed. The whole proceedings were illegal. There is no law authorizing suit to be instituted against a syndic ; the plaintiff should have ruled him into court to file a tableau, and if guilty of malfeasance or negligence, should have caused him to be removed from the syndicship, and then sued him for damages, in his individual capacity. 6 *Martin,* *N. S.* 126 ; *Laws of* 1837, p. 96.

2. The sequestration was properly set aside ; there is no law authorizing the writ to issue in such a case. *Code of Practice, article* 275 ; 2 *Moreau's Digest,* 426, *section* 9.

*Morphy, J.,* delivered the opinion of the court.

The plaintiff is appellant from a decree setting aside an order of sequestration, which he had previously obtained. This order had been issued, on his allegation that Tarbe & Nash had made a surrender of their property to their creditors, in the year 1837 ; that John Tarbe, one of the insolvents, had been appointed syndic of their creditors, and by the latter dispensed with giving security as such ; that the defendant had illegally disposed of part of the property surrendered by selling it at private sale, and that he was about to dispose of a quantity of other property belonging to the estate, in the same illegal manner, to the prejudice of plaintiff, and that of all the other creditors. We think that the court below did not err. The whole proceeding appears to us irregular, and unwarranted by law. When a syndic has been legally appointed, and has taken charge of the estate, entrusted to

When a syndic has been legally appointed, no individual creditor can sue him for a debt, or interfere with his administration. A creditor may call him to account, and produce his bank book, &c., but cannot be harrassed by suits and with alleged fears of mismanagement, &c.

him, no individual creditor can sue him for a debt, or interfere with his administration. He may be ruled to produce his bank book, file a tableau of distribution, and pay privileged debts, &c., but he should not be suffered to be harassed by suits brought by individual creditors, who allege or fear misma-nagement on his part. If he has been guilty of malfeasance, or gross negligence, he can, in due course of law, be removed from office, by the creditors, and made liable in damages, in his individual capacity. 6 *Martin, N. S.*, 126 ; *Laws of* 1837, *page* 96.

It is, therefore, ordered, that the judgment of the Parish Court be affirmed, with costs.

LOCKE ET AL.
*vs.*
DAKIN & DAKIN.

For malfeasance or gross negligence, a syndic may be removed from office in due course of law, and made liable for damages in his individual capacity.